A. H. Cooper, Administrator, v. John H. Lee.

No. 3.

1. **Fraud—Limitation.**—When there is fraud growing out of a transaction wherein there was an exchange of deeds to land, the party defrauded has four years within which to sue for a rescission; or if the fraud was not immediately discovered he has four years from the time of the discovery of the fraud, provided that it must be discovered within a reasonable time. Following Cooper v. Lee, 75 Texas, 121.

2. **Reasonable Time.**—What is a reasonable time within which to discover the fraud, would vary according to circumstances attending and subsequent to the transaction, which in their nature tend to prevent a discovery of the fraud, and it would sometimes be a mixed question of law and fact.

3. **Reasonable Time an Issue of Fact.**—When L., an old man, resided with P., his son-in-law, who was also his attorney, legal adviser, and agent for the transaction of all his business, including the payment of taxes, and by the advice and at the request of P. executed deeds to him of his property, receiving in exchange deeds from P. to lands claimed to be owned by him, and L. relied on P.'s representations as to the deeds and the value of the lands, and by reason of their relationship put implicit confidence in him, and by his advice did not record the deeds so received, but returned them to P. for examination, and P. subsequently and without the knowledge of L. sold one of the tracts of land he had conveyed to L. to innocent third parties, and two years after the transaction, when requested, refused to return his deeds to L., the question of reasonable time within which to discover the fraud was properly submitted to the jury.

4. **Reasonable Time.**—We are not prepared to say that under the facts of this case fifteen months was not a reasonable time, and that the fraud should have been sooner discovered.

5. **Rescission.**—See the petition in this case for allegation of facts sufficient to authorize the rescission of a deed on the ground of fraud.

6. **Evidence in Fraud Cases.**—The rule governing the admission of evidence in fraud cases is liberal, and justly so. A deed made to innocent third parties by P. after he had previously conveyed the same land to L. by a deed which was never recorded, was properly admitted.

7. **Assignments of Error Must Appear in Brief.**—Under Rule 39 of the Supreme Court, assignments of error are required to be copied in the brief of the appellant, and each ground of error separately presented. This rule has recently been adopted by the Supreme Court as one of the rules for the Courts of Civil Appeals, and should be enforced whether invoked by the appellee or not. Being invoked in this case, and the errors assigned not being fundamental, twenty-three of the assignments of error are regarded as abandoned.

**8. Error in Charge, How Corrected.**—Complaint that the court failed to charge on the burden of proof, in this case, should have been corrected by appropriate instructions asked.

**9. Discovery of Fraud—Proper Charge.**—"If you believe that L. exercised ordinary diligence and care, and did not discover the fraud, if any was committed by P., prior to February 4, 1883, or if, by the exercise of ordinary diligence, L. could not have learned of the fraud, if any was committed by P., prior to February 4, 1883, then the cause of action is not barred by limitation. What is meant by ordinary diligence and care, is such diligence and care as men of ordinary prudence exercise with reference to their own property." *Held*, not prejudicial to defendant.

**10. Assignments of Error too General.**—An assignment complaining that the judgment did not divest title out of L., when defendants did not ask to have the title divested, is, under the facts of this case, too general to require of the court the review of the whole evidence in order to determine whether it supported the verdict.

**11. An Assignment of Error**, embracing the whole motion for a new trial and eight pages of the record, and including all the points previously raised, will not be considered.

APPEAL from Harrison.    Tried below before Hon. F. H. Prendergast, Special Judge.

The opinion states the case.

*H. McKay* and *M. B. Geer*, for appellant.—The court erred in overruling the general demurrer of the appellant, and in declining to consider the question of reasonable time as a question of law alone and not of fact.    Cooper v. Lee, 75 Texas, 114; Kennedy v. Baker, 59 Texas, 160; Bremond v. McLean, 45 Texas, 19; Watson v. Baker, 71 Texas, 739; Kuhlman v. Baker, 50 Texas, 636; Pars. on Cont., 6 ed., 2d vol., 676, 677; 11 Miss., 683; same case, Carral v. Rich, Walk. (Miss.), 683; Disbrow v. Jones, Harr., (Mich.), 102; Street v. Dow, Id., 427; 42 N. H., 316; 52 Vt., 382; 77 Pa. St., 228; 99 U. S., 578; 58 Cal., 234, 608.

The court erred in overruling the special demurrer, setting up the limitation of four years as a bar to the action.    Thomp. on Juries, sec. 1541; 93 Am. Dec., 203; Gatling v. Newell, 9 Ind., 572–577; Pain v. Guthrie, 8 Blackf. (Ind.), 409; Tilton v. Safe Co., 48 Vt., 83; 22 Pick., 546; 14 Me., 57; 15 Me., 350; 24 Me., 131; 11 Mass., 143; 50 Am. Dec., 675; 32 Id., 359.

The innocent party must act promptly in suing to rescind, upon the discovery of the fraud:    75 Texas, 122; 14 Barb., 597; 17 Id., 429; 27 Id., 654; 67 Ill., 450; 42 Barb., 565; 26 N. Y., 227; 23 Barb., 661; 45 Vt., 342; 43 Vt., 299; 52 Vt., 383; 35 Am. Dec., 651, and note; 76 Am. Dec., 167; Bump. Fraud. Con., 488; Bige. on Fraud, 79, 80; Pome. Eq., secs. 817, 856, 915, 916, 917, 921, 964, 965, 1377; 28 Am. Dec., 592; 43 Am. Dec., 102, 665; 35 Am. Dec., 600; 74 Id., 662; 93 Am. Dec., 203; 15 Mass.; 80 Mass., 386.

The court erred in the charge to the jury. Hawley v. Bullock, 29 Texas, 222; Wade on Notice, sec. 253.

*T. P. Young*, for appellee.—The rule that the injured party must act promptly after discovery of fraud, or after such time within which by reasonable diligence he might have discovered the same, has no application when the injured party received no benefit. Meachum v. Collignon, 7 Daly, 408; Mason v. Bovett, 43 Am. Dec., 655, and note; Brown v. Norman, 65 Miss., 369; same case, 7 Am. St. Rep. 670; Rowlins v. Wickham, 3 De G. & J., 304.

Reasonable time a question of fact. Kempner v. Heidenheimer, 65 Texas, 587; Johnson v. Evans, 50 Am. Dec., 675, and note, and authorities cited; Cooper v. Lee, 75 Texas, 114; Comstock v. Comstock, 57 Barb. (N. Y.), 453; Deem v. Phillips, 5 W. Va., 188.

GARRETT, CHIEF JUSTICE.—This suit was brought in the District Court of Harrison County on February 4, 1887, by the appellee, John H. Lee, to rescind a certain deed and recover of John T. Pierce a tract of land situated in Tarrant County. Pierce died after the institution of the suit, and the appellant, Cooper, became the administrator of his estate, with will annexed, and was made a party defendant to the suit. Annie L. Pierce, the widow, and John L. and Hope Pierce, the children, and Mattie and Richard Godbold, also minors and devisees in the will, were also made defendants, and special guardians were appointed to represent said minors. The defendants Annie E. Pierce and her children disclaimed any interest in the land. This is the second appeal, and the first will be found reported in 75 Texas, 114.

After the former judgment was reversed by the Supreme Court the pleadings in the case were amended to meet the views of that court with reference to the question of limitation, and to excuse the plaintiff for his failure to bring his action within four years from the date of the execution of the deed.

Plaintiff's amended petition charged substantially, that on the —— day of November, 1881, plaintiff was the owner of a large and valuable tract of land in Tarrant County, Texas, which was described in an exhibit to the petition; that said John T. Pierce, on or about said day and date, came to plaintiff and represented to him that it would be greatly to his advantage to exchange said tract of land for another tract or tracts which he, the said Pierce, owned, and that plaintiff, influenced by said representations, and trusting said defendant on account of the relations existing between them, consented to said exchange, and about said date executed to said Pierce a deed for said land. That the sole consideration for the conveyance of said land to Pierce, was the other tracts of land mentioned, which defendant pretended to own, and for which

he at the same time executed a deed to plaintiff. That plaintiff was the father-in-law of Pierce, and lived in Pierce's house as a member of his family up to the time of his death. Pierce was an attorney at law, and as such acted in this, as in all other matters, for the plaintiff. On account of these confidential relations he reposed the utmost confidence in said Pierce. That both the deeds were prepared by Pierce or under his supervision, and that plaintiff, on account of the trust reposed by him in said Pierce, did not read the deed executed by the latter to him, and did not know the contents of the same.

That at the time of the execution of said deeds Pierce represented to plaintiff that it would be greatly to the interest of both parties not to record either of said deeds; that shortly after the execution of the deed from Pierce to plaintiff on or about May, 1884, said Pierce, knowing that plaintiff had not recorded his deed, called on plaintiff and requested him to let him (Pierce) see the deed, which plaintiff did, and delivered the same to Pierce; that Pierce had never returned said deed, but had refused to do so, and plaintiff had no means of ascertaining what lands had been conveyed thereby. Pierce, contrary to his representations and agreement, immediately placed on record in Tarrant County the deed which plaintiff had executed to him; that plaintiff was informed, and believed and averred, that Pierce had no title to the lands which he pretended to convey to plaintiff in exchange for the Tarrant County land, and that his intention was to defraud the plaintiff and obtain the deed from him without any consideration. Plaintiff did not claim, and had never, since he discovered Pierce's fraudulent intent, claimed any right, title, or interest in the lands which Pierce pretended to convey to him, and renounced any and all right under said deed or deeds, by which Pierce pretended to convey to him said lands, and offered to reconvey the same to the administrator for the use of said Pierce's estate. That plaintiff did not learn that Pierce would not return to him the deed, which he had obtained under the pretext of looking at it, until the —— day of November, 1886, at which time he refused to return the same to plaintiff. Said deed was charged to be in the possession of the defendant or the administrator of Pierce's estate, and notice was given to defendant to produce the same at the trial. Plaintiff averred that said Pierce, after he had obtained from plaintiff the possession of the deed or deeds, by which he had pretended to convey the lands to plaintiff, sold and conveyed said lands or a portion thereof, situated in Hill County, to Tarleton, Jordan & Tarleton, who were innocent purchasers, by which he defeated whatever title plaintiff may have acquired from him.

To this petition the defendant interposed a general demurrer, and excepted specially, in substance:

1. That if ever plaintiff had any cause of action, it had been barred by the statute of limitation.

2.   The alleged reasons for not having sooner discovered the alleged fraud were not sufficient to excuse the plaintiff for not having brought his action within four years after the date of the deed.

3.   Said amended petition showed no such facts of fraud, accident, or mistake, as would entitle plaintiff to his equitable action of rescission in the premises.

4.   That it appeared from the petition that whatever cause of action plaintiff had, he was fully advised long before the institution of the suit, and as his action was not instituted within a reasonable time after the discovery of the alleged fraud, he should be held to have ratified the sale.

5.   That plaintiff showed no reason why he did not take and use the ordinary legal diligence to protect his title to the lands, as he was by law required to do; that he was in nowise prompted by Pierce or any one else, but failed to do so by his own laches and negligence.

Defendants further answered by general denial, and a plea of not guilty, and pleaded specially to the statute of limitations; that the alleged fraudulent acts of Pierce by the exercise of ordinary diligence might have become known to Lee within one year thereafter; that plaintiff failed to act promptly and within a reasonable time to rescind the sale.   Defendants also pleaded that the conveyance was made with the fraudulent intent to hinder, delay, and defraud the creditors of plaintiff, especially the beneficiaries in the bond of A. Pope as administrator of the estate of Rene Fitzpatrick, deceased, upon which plaintiff was one of the sureties; and that plaintiff ought not to be allowed to renounce and rescind said sale and recover back said land.

In reply to the answer of defendants, plaintiff filed a supplemental petition, alleging that at the time Pierce procured the deed from plaintiff for the Tarrant County land, he, as counsel for plaintiff, advised him to make such deed, representing to him that it would be greatly to his pecuniary advantage so to do, and in this way, as well as by the fact that Pierce was the son-in-law of plaintiff, who was then a member of his, said Pierce's, family, plaintiff was induced to make said deed.   That Pierce was plaintiff's confidential adviser in all matters; was the agent of plaintiff and acted for him in all business matters, especially in rendering for taxation his property to the assessors, and paying taxes.   He also had in his hands all the money and available claims and credits which belonged to plaintiff, and acted for plaintiff in everything; that said agency and attorneyship continued in full force during all the time up to November, 1886, and he did during all the said time all the acts required by his agency, especially assessing property and paying taxes, and he used all the advantages arising from his position to conceal from plaintiff his fraudulent design to defraud plaintiff and the fact that he had not title to said land.

That at said time Pierce had deliberately formed the design to defraud plaintiff by obtaining from him without consideration all of his property, and fraudulently represented that he owned the lands, which he pretended to give in exchange for the plaintiff's lands, when, in truth and in fact, he did not own the same.

That plaintiff's eyesight and memory were then impaired by age, and he had either not read the deed, or if he had read it, he had forgotten the fact, and could not state the contents thereof. Pierce had advised plaintiff not to record his deed, and relying on Pierce as his lawyer and son-in-law, he had failed to do so. That when, on May —, 1884, Pierce requested plaintiff to allow him to examine the deed, he fraudulently represented that he merely wanted to look over it, and deceitfully promised to return the same, but he really intended to possess himself of said deed, so that he might destroy or suppress the same, which he did.

That owing to the implicit confidence which the plaintiff reposed in said Pierce, he did not learn of his fraudulent design in reference to said land until the — day of November, 1886, at which time said Pierce refused to return said deed to him. Plaintiff averred that he did not learn that Pierce had no title to the lands which he pretented to give in exchange for said Tarrant County land until long after his refusal to return said deed; that the lands which Pierce pretended to give in exchange were situated in a distant part of the State, and plaintiff had no access to the title papers to the same, nor to the record of such papers, and that Pierce fraudulently withheld the fact that the title to his said lands was bad, and adroitly concealed, by false promises and many professions of honesty, his intention to suppress said deed, and keep the Tarrant County land; and the plaintiff, who was very old and without money, could not, by any diligence, discover the wrong which Pierce was meditating.

Trial was had by a jury, September 17, 1890, after the court had overruled the defendant's demurrers; a verdict was returned for the plaintiff, and judgment was rendered in his favor, rescinding the deed and for the recovery of the land sued for; from which the present appeal has been taken, and a reversal thereof is sought upon numerous assignments of error, upon the action of the court in overruling the defendant's demurrers, the admission and exclusion of evidence, and in giving and refusing charges. The facts, briefly stated, are:

John T. Pierce was the son-in-law of the appellee, John H. Lee. From the year 1875 to his death in 1888, Pierce was an attorney at law, and as such acted for Lee from 1881 to 1887. He was also Lee's business manager, gave in his property for taxes, paid taxes, brought suits, and gave Lee advice. At the time of the trial in 1890, Lee was eighty-two years old, and his eyesight was defective, but he could see better in 1881. He was able to read and write. He lived during the time from 1881 to 1887 with Pierce. Had property subject to taxation, but did not give it in

or pay taxes on it. It does not appear that Lee owned any property other than that conveyed to him by Pierce in November, 1881, except a farm called the "Smith place," the title to which stood in Pierce's name, and for which this suit was also originally brought, and a tract in Jack County.

About November 1, 1881, Pierce, by representations through his wife, procured a conveyance from Lee for the Tarrant County land, in exchange for lands which he conveyed to Lee, and which he represented to be more in quantity and far more valuable than that received from Lee.

Pierce prepared the deeds for the land and delivered Lee his. These deeds were:

1. Deed from John H. Lee to John T. Pierce for the land in controversy, dated November 1, 1881, acknowledged November 2, 1881, and recorded in Tarrant County January 24, 1882; consideration expressed, $2500.

2. Quitclaim deed, from John T. Pierce to John H. Lee, for an expressed consideration of $500, for all Pierce's right, title, and interest in the O. P. Kelter one-third league in Harris County, as shown by deed of conveyance from heirs of Alexander McCown to Pierce. This deed was acknowledged by Pierce November 2, 1881. It appears to have come from the custody of defendants, and does not appear to have ever been recorded.

3. Deed from John T. Pierce to John H. Lee, dated November 1, 1881, acknowledged November 2, 1881, for an expressed consideration of $2500, conveying an undivided one-half interest in and to three tracts of land in Hill County, fully described. This deed appears to have come from the custody of defendants, and does not appear to have ever been recorded.

It was shown that Pierce afterward, by his warranty deed, dated April 23, 1884, and recorded in Hill County July 14, 1884, conveyed to Tarlton, Jordan & Tarlton, for a consideration of $2000, the lands in that county before conveyed by him to Lee.

Lee testified that he did not know where the lands conveyed to him by Pierce were situated, and that he had never received anything from them.

Several months after the exchange of the lands Pierce asked Lee to let him see the deeds which he had given him. Lee handed them to Pierce, who looked at them and said, "These are the ones," and carried them off. These deeds were never returned to Lee.

In the latter part of 1886 Lee asked Pierce for a settlement and a return of his deeds. Pierce refused to give up the deeds or make a settlement.

Lee was a surety on the bond of A. Pope, as administrator of the estate of Rene Fitzpatrick, in the sum of $2500, executed in 1867. Suit was instituted on said bond October 6, 1881, and Lee was a party thereto. He

had final judgment in his favor in November, 1885. If the suit had gone against Lee it would have been his financial ruin, as expressed by himself.

On the former appeal of this case it was held, that if the transaction in which Pierce procured the conveyance from Lee was fraudulent, Lee would have a cause of action for its rescission growing out of the transaction itself, and that four years is the period prescribed by our statute within which such action shall be brought. 75 Texas, 121.

This, we think, disposes of the exception of defendants to the petition that the suit must be brought within a reasonable time from the date of the transaction, or from the discovery of the fraud, and that such reasonable time was a question of law for the court to determine. In this case the appellee had four years within which to bring his suit from the date of the deed which he sought to rescind; or if he did not then immediately discover the fraud which he alleged had been practiced in securing said deed from him, then within four years from the time of the discovery of such fraud; provided, that it must be discovered within a reasonable time. What is a reasonable time would vary according to the facts and circumstances attending and subsequent to the transactions which, in their nature, tend to prevent a discovery of the fraud; and it would sometimes be a mixed question of law and of fact.

There was no error in submitting the question of reasonable time to the jury, if the facts alleged in the petition are of such a nature as ought to excuse the plaintiff, Lee, from discovering the fraud, which, he alleged, had been practiced upon him by Pierce. We think the allegations were sufficient. As alleged in the petition, Lee was an old man, and resided with Pierce, who was his son-in-law; and, as an attorney-at-law, was his legal adviser, as well as his agent for the transaction of all his business. The deeds for the land were prepared by Pierce, and delivered to Lee with the advice not to record them. Relying on Pierce's representations as to the deeds, and the value of the lands, and to pay taxes, there was no occasion for Lee to examine the deeds, or inquire after the lands. The time which elapsed from the date of the transaction until the suit was instituted, was about fifteen months more than the period of limitation. We are not prepared to say, as a matter of law, that this was not a reasonable time, and that the fraud should have been sooner discovered. Plaintiff's petition also showed a good cause of action for the rescinding of the deed.

Defendant's demurrer and exceptions, as presented in the first five assignments of error, were properly overruled.

On the trial in the court below, the defendants objected to the introduction in evidence, by the plaintiff, of the deed executed by Pierce to Tarlton, Jordan & Tarlton, April 24, 1884, for the Hill County land, because it was a transaction occurring long after the fraud practiced on Lee in 1881; was calculated to prejudice Lee with the jury; and was done

long after the expiration of the time within which Lee should have discovered the fraud. The rule of evidence in cases of fraud is liberal, and justly so. In this case it was alleged that Pierce procured the conveyance of the Tarrant County lands in order to defraud the plaintiff; and that plaintiff had not received any value for them; that when Pierce delivered the deeds to Lee, he advised him not to record them, and, sometime afterward, induced Lee to return them to him. The evidence tended to show the fraudulent design of Pierce from the beginning as a culmination thereof, and was admissible for that purpose.

Appellants rely upon numerous assignments of error, which they have failed to copy in their brief, and which are objected to by appellee on that ground and others. These relate to the admission of evidence, and the refusal of the court to give special instructions requested by the defendants, and do not present any fundamental errors of law. Rule 29 of Supreme Court, in force when the brief of appellants was prepared, is as follows: "The appellant, or plaintiff in error, in order to prepare properly a case for submission when called, shall have filed a brief of the points relied on, in accordance with and confined to the distinct specifications of error (which assignments shall be copied into the brief) and to such fundamental errors of law as are apparent upon the record, each ground of error being separately presented under the proper assignment; and each assignment not so copied and accompanied with its appropriate propositions and statements, shall be regarded as abandoned."

This rule has been adopted recently by the Supreme Court as one of the rules for the Courts of Civil Appeals. Whether invoked by the appellee or not, we think that this and other rules should be enforced; and because they are not copied in the brief, as required by the rules, we will regard as abandoned the assignments from the seventh to the thirtieth, inclusive, and will not consider the same.

The thirty-first assignment of error is as follows: "The court erred in the charge to the jury, specially in the following particulars: 1. Because it fails to instruct the jury that the burden of proving an excuse for Lee's delay in bringing suits was on Lee. 2. Because it did not charge that the burden was on Lee to show that he had not been guilty of ordinary neglect in failing to discover before February 4, 1883, the fraud practiced by Pierce in obtaining from Lee the conveyance sought to be canceled. 3. Because the definition of ordinary diligence and care, as given in the charge, is incorrect as applied to this case and was misleading to the jury. 4. The charge gives improper directions as to how they should determine upon Lee's excuse for failing to discover the fraud practiced in November, 1881, before the 4th of February, 1883, as the age, relationship, and condition of the parties would furnish no excuse for any lack of diligence on Lee's part, and

could only be considered by the jury in determining whether Pierce's acts were sufficient to defeat ordinary diligence on Lee's part for a year, three months, and three days."

The first and second particulars in the assignment relate to omissions in the charge, which should have been corrected by appropriate instructions requested by the defendants, and the omission to charge on the burden of proof in the respect pointed out, is not a cause for the reversal of the judgment.

Upon the issue as to whether or not the fraud might not have been discovered by Lee, the jury was instructed by the court: "If you believe that Lee exercised ordinary diligence and care, and did not discover the fraud, if any was committed by Pierce, prior to February 4, 1883, or if, by the exercise of ordinary care and diligence, Lee could not have learned of the fraud, if any was committed by Pierce, before the 4th of February, 1883, then the cause of action is not barred by limitation. What is meant by ordinary diligence and care, is such diligence and care as men of ordinary prudence exercise with reference to their own property."

There is nothing prejudicial to the defendants in this instruction. It is rather more favorable to them than otherwise. It was proper also to instruct the jury to take into consideration all of the attendant circumstances which would tend to excuse Lee from any lack of diligence in the discovery of the fraud. His great age, the relationship of Pierce to him, both by family ties and as his trusted attorney and agent, and the condition of the parties, are all matters that should be considered by the jury in determining whether or not Lee exercised proper diligence.

Appellant's thirty-second assignment of error is: "That the verdict is not supported by the evidence, and the judgment does not dispose of the questions involved in this case, there being no judgment divesting title out of Lee to the lands which Pierce exchanged to Lee."

This assignment is too general to require us to review the evidence in order to determine whether or not it is sufficient to support the verdict. Defendants did not ask to have title to the land reinvested in the estate of Pierce; and although it might be proper to do so without such prayer for relief, it does not appear that any injury has been done to defendants by the failure so to do; but on the contrary, it does appear that Pierce sold the Hill County land to Tarlton, Jordan & Tarlton, and there is no evidence that he had title to the Harris County land, which he conveyed to Lee by a quitclaim deed.

In their thirty-third assignment of error appellants embrace the entire motion for a new trial, covering about eight pages of a type-written record, and including all of the points previously raised. This is not a distinct specification of the errors separately presented under proper assignment,

copied into the brief and accompanied by appropriate propositions and statements as required by the rules, and we must decline to consider it.

No error having been properly called to our attention, for which the judgment of the court below ought to be reversed, it is affirmed.

*Affirmed.*

Delivered October 14, 1892.