**TEXAS CO-OP. INV. CO. v. CLARK et al.
(No. 8804.)**

(Court of Civil Appeals of Texas. Fort Worth.
Oct. 22, 1921. Rehearing Denied
Nov. 26, 1921.)

**1. Appeal and error ⬥⟿1033(5)—Party may not complain of too favorable instruction.**

Where the court submitted the inquiry whether defendant's agent selling plaintiff stock had represented that the company was in fine condition and the stock above par, and made other representations, some of which are admitted not a proper basis of recovery, being mere puffing inducements, requiring them to be found made and relied on merely placed too great a burden on plaintiff, and was favorable to defendant, so that he cannot complain.

**2. Corporations ⬅80(11)—In suit to rescind subscription, evidence as to statement by agent and as to refusal to accept security held admissible.**

In a suit to rescind a subscription for stock for fraud, the fact that plaintiff had stock in another company not paid for in full when issued did not render inadmissible a statement by defendant agent to plaintiff that the latter would put up this stock as security, and in consideration thereof defendant would carry him until the dividends paid his indebtedness, and the fact that defendant subsequently refused to accept such stock as security would be admissible on his plea of rescission; great latitude being allowed in the admission of circumstantial evidence relied on to show fraud, and the evidence rule in such cases being liberal.

Appeal from District Court, Johnson County; O. L. Lockett, Judge.

Suit by James Clark and others against the Texas Co-Operative Investment Company, in which there was a judgment for the plaintiffs, and the defendant appealed to the Court of Civil Appeals, which reversed the judgment (212 S. W. 245), and the plaintiff brought error to the Supreme Court, which reversed the judgment of the Court of Civil Appeals and remanded the cause to that court (231 S. W. 381). Former judgment of Court of Appeals set aside, and judgment of trial court in all things affirmed.

Ramsey & Odell, of Cleburne, and Capps, Cantey, Hanger & Short, and David B. Trammell, all of Fort Worth, for appellant.

D. W. Odell and S. C. Padelford, both of Fort Worth, for appellees.

BUCK, J. On July 21, 1921, the Supreme Court reversed the judgment of the majority of this court, and remanded the cause to this court for the further consideration of other assignments. In our opinion, the majority concluded that the action pleaded by plaintiff was one for damages on fraud and deceit, and not for a rescission of the contract, and that the statute of limitation of two years applied, and that the cause was barred. The Supreme Court held that the cause pleaded by plaintiff was one for rescission, and that the four-year statute of limitation applied. The first five assignments deal with defendant's plea that the two-year statute of limitation bars plaintiff's action, and it will not be necessary for us to further notice these assignments.

[1] The sixth, seventh, eighth, ninth, and tenth assignments are directed to the action of the court in overruling defendant's exceptions and admitting in evidence testimony of Homer Peoples, the agent of defendant, who sold plaintiff certain stock of the company, to the effect that said stock was the finest thing in the world, and would earn good and large dividends, etc., and the submission of these statements as a ground for recovery, in case the jury should find that they were false and that plaintiff relied on them. Appellant objects to these statements being admitted in evidence, and being submitted as a ground for recovery, for the alleged reason that they are mere expressions of opinion on the part of Peoples, and puffing inducements. The court submitted to the jury the inquiry as to whether Peoples represented to plaintiff that the financial condition of the company was fine and good, and that its stock was above par, and was selling rapidly, and other alleged representations, including those heretofore mentioned, and the jury were required to find that all of these representations had been made by said agent, and that all of them were false and were material, and that plaintiff relied on their truth, before they would be authorized to find for plaintiff. It may be admitted that some of these representations were not properly submitted as a basis for recovery, and that defendant's objections thereto should have been sustained, yet it merely placed a greater burden on plaintiff than should have been imposed upon him, and required the jury to find whether immaterial representations were made in addition to the material ones alleged, before they should find for plaintiff. We can see no reversible error in this, and think that the error was favorable to defendant. Moore v. Moore, 73 Tex. 382, 11 S. W. 396; Pardue v. James, 74 Tex. 299, 12 S. W. 1.

[2] Where a party upon whom rests the burden of proving fraud has to rely upon circumstantial evidence, great latitude is allowed in the admission of testimony. The rule of evidence generally in cases of fraud is liberal. Gilliam v. Alford, 69 Tex. 267, 6 S. W. 757; Cooper v. Lee, 1 Tex. Civ. App. 9, 21 S. W. 998; Fairbanks v. Simpson, 28 S. W. 128. The fact that plaintiff held certain stock of another company, which probably had not been paid for in full at the time of its issuance, did not render inadmissible the statement made by the agent of the defendant to plaintiff that he could put up this stock, and, in consideration of a transfer of the same, defendant would carry plaintiff until the dividends paid the indebtedness out. The fact that defendant subsequently refused to accept said stock as security would be admissible upon plaintiff's plea for rescission.

We have examined the other assignments of appellant, and do not find reversible error shown.

Our former judgment is set aside, and the judgment of the trial court is in all things affirmed.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes