### THE EQUITABLE MORTGAGE COMPANY v. H. KEMPNER.

#### No. 3329.

1. **Duly Recorded — Official Seal.** — A mortgage was recorded. On the record book at usual place for the seal was written by the officer making the record, "*no seal on.*" The original of the mortgage was produced with the impress thereon of the official seal. The officer making the certificate testified, that he attached the seal at the time he made the certificate. These facts appearing, *held*, that the mortgage was duly recorded.

2. **Marshalling Securities.**—A junior lien holder on purchasing an older lien is in no worse condition as to his original lien than if he had not purchased. Having acquired the older lien, he has the right on foreclosure to have the securities so marshalled as to most fully protect himself. See example.

3. **Vendor's Lien—Surrender.**—A vendee executed a release of his title in consideration (recited) of the surrender of his notes. These notes never were surrendered. They were subsequently foreclosed. *Held*, that an incumbrancer could not avoid the foreclosure on ground that the notes had been cancelled or satisfied. See example.

APPEAL from Galveston. Tried below before Hon. WM. H. STEWART. The opinion states the case.

*Harry P. Lawther*, for appellant. — 1. The Texas statutes require a notary public to have a seal of office, and that he shall authenticate all his official acts therewith. Also, that when taking an acknowledgment of an instrument of writing for the purpose of being recorded, he shall make a certificate thereof, and sign and seal the same with his seal of office. Where the statute thus provides, a certificate of acknowledgment without the seal of the notary before whom the acknowl-

edgment was taken is void. Rev. Stats., arts. 3366, 4308; Ballard v. Perry, 28 Texas, 364; Land Co. v. Williams, 51 Texas, 51; 1 Dev. on Deeds, sec. 489, and authorities cited.

2. A recorded instrument of writing having a void certificate of acknowledgment is improperly of record; and an instrument improperly of record is not of record and is not constructive notice. Rev. Stats., arts. 4332, 4334; Craddock v. Merrill, 2 Texas, 494; Wade on Law of Notice, sec. 124.

3. (1) Where a first mortgage covers several tracts of land and there is a second mortgage not embracing all those included in the first mortgage, the second lien holder has a right on a foreclosure of the first mortgage to have the tracts not embraced in the second mortgage first subjected to the satisfaction of the first mortgage; and when there are several junior mortgagees this right belongs to the one without notice whose mortgage is prior on the record. (2) A transfer of a lien to be good against subsequent purchasers for value and without notice must be recorded.

On first proposition: Adams' Eq., 7th Am. ed., p. 271, note 2; 14 Am. and Eng. Encyc. of Law, under head "Marshalling Assets," sub-divs. 1, 2, including note 4, p. 685; note 1, p. 686; see also authorities cited, pp. 688, 689.

On second proposition: Rev. Stats., art. 4331; Henderson v. Pilgrim, 22 Texas, 464; Saunders & Worley v. Hartwell & Chambers, 61 Texas, 685, 686.

*Davidson & Minor*, for appellee.—1. The uncontradicted evidence was, that the seal of the notary to his certificate of authentication was placed thereon at the time the acknowledgment was taken to the trust deed, and the presumption is and was that such instrument was filed for record and recorded with such certificate and seal attached; and there being no evidence showing or tending to show that there was no seal on such certificate, the court did not err in holding that such trust deed was duly "filed for record" and recorded, and that appellant had notice thereof. Edwards v. Barwise, 69 Texas, 84; Bullock v. Wallingford, 55 N. H., 619.

2. Appellant's trust deed being of date the 1st day of August, 1889, and filed for record the 14th day of August, 1889, and the trust deed of defendant Davis to secure the $2000 note being of date the 6th day of April, 1887, and "filed for record" in said Brazoria County on the 8th day of April, 1887, and recorded on the 9th day of April, 1887, and such records showing that the certificate of acknowledgment of the notary was given under his hand and the "impress of his official seal," the same was duly recorded, and appellant had notice thereof. Ballard v. Perry, 28 Texas, 364; Witt v. Harlan, 66 Texas, 660; Coffey v. Hendricks, 66 Texas, 676; Throckmorton v. Price, 28 Texas, 605; Jones

v. Martin, 13 Cal., 510; Geary v. City of Kansas, 61 Mo., 378; Hedden v. Overton, 4 Bibb, 406; Griffin v. Sheffield, 38 Miss., 359.

· 3.  The judgment and decree of the court below was authorized by the evidence, and was a decree necessary and proper to be rendered for the security and protection of all parties who established their several liens on the several tracts of land therein mentioned.

Mr. Pomeroy, in his work on Equity Jurisprudence, volume 1, section 1414, treating of the rules governing the "marshalling of securities," says: "These rules must be taken with the modifications and exceptions, that in their application the paramount incumbrancer shall not be delayed or inconvenienced in the collection of his debt, for it would be unreasonable that he should suffer because some one else has taken imperfect security."

To the same effect are the following cases: Evertson v. Booth, 19 Johns Ch., 1486; Woodcocks v. Hart, 1 Paige Ch., 185, and other cases cited by Pomeroy in his note to above, section 1414.

GARRETT, PRESIDING JUDGE, *Section B.*—H. Kempner brought this suit against C. Davis and G. D. Charlton for debt and foreclosure of certain liens, and against Harris Masterson, the Equitable Mortgage Company, and S. M. Findley, as asserting some interest in the lands upon which the liens were sought to be foreclosed. He alleged, that on April 6, 1887, the said Davis, being indebted to one Branch Masterson, executed to him his note for $2000, and secured the same by a deed of trust of even date therewith upon 1107 acres of land in Brazoria County, the upper quarter of the William Robbins league; one-half of 950 acres off the west end of the J. W. Hall grant No. 10, also in said county; and 612 acres, part of the J. F. Perry and E. M. Austin grant, situated partly in Matagorda and partly in Brazoria County; and that afterward the said Masterson transferred said note to the plaintiff; that the said C. Davis was indebted to plaintiff in the sum of $4188.59 upon account; that in order to secure the same the said Davis transferred and delivered to plaintiff certain vendor's lien notes of the defendant Charlton, which were executed February 3, 1888, for the purchase money of the 612 acres of land above mentioned, conveyed to Charlton on said date by the said Davis by deed duly recorded. It was alleged that the other defendants claimed some interest in the lands.

Harris Masterson answered, and claimed title as the owner· of the 1107 acres tract.

The Equitable Mortgage Company answered, that it had a deed of trust with defendant Findley as trustee in the tract of 950 acres; that its deed of trust was dated August 1, 1889, and that its lien, though subsequent in time to that of plaintiff, was acquired without notice of plaintiff's lien, because his deed of trust was improperly of record, it appearing from the record that no seal had been affixed to the certificate

of the notary taking the acknowledgment of the maker; and that it had no actual notice thereof; and it prayed, that in the event plaintiff's liens should be foreclosed, the other tracts than that on which it had a lien should be sold first, and that the proceeds of the sale be applied first to the payment of plaintiff's deed of trust, which was the oldest lien.

The case was tried by the court without a jury, July 10, 1891, and judgment was rendered in favor of the plaintiff against Davis for his debt, and against all parties for foreclosure of his liens, except as to the 1107 acres tract claimed by Harris Masterson, which was adjudged to him. The court decreed, that the 612 acres should be sold first and the proceeds thereof first applied to the payment of the vendor's lien notes to the extent of Davis' debt on account for which they were deposited as collateral, the balance to be applied to the Masterson debt secured by deed of trust; and if the balance of proceeds were not sufficient to pay off the Masterson debt, then the one-half interest in the 950 acres should be sold for that purpose.

From this judgment the Equitable Mortgage Company has appealed.

The first error assigned is, that the deed of trust executed by Davis to secure the Masterson note for $2000 was improperly admitted in evidence, because not properly of record. Appellant produced in evidence a certified copy from the records of Brazoria County of the deed of trust, which had thereon, in place of "seal" opposite the notary's certificate of acknowledgment, the words "no seal on," which was shown to be in the same handwriting on the records as the record of the instrument. On the other hand, the original deed of trust was produced in evidence by the plaintiff with the seal of the officer taking the acknowledgment affixed thereto; and it was proved by the officer taking the acknowledgment that he affixed his seal to the certificate at the time the acknowledgment was taken. The instrument was properly of record, because there was in fact a seal to the officer's certificate when it was recorded; and being properly of record, it was constructive notice to the mortgage company of the prior lien.

It is urged by the appellant, that the court erred in requiring the proceeds of the 612 acres to be first applied to the payment of the vendor's lien notes, because the lien of the deed of trust was the oldest, and that it was the right of the mortgage company in marshalling the assets to have the land sold for the oldest lien first. If the 612 acres is sold first and the proceeds first applied to the payment of the debt secured by the Masterson deed of trust, it would free the half-interest in the 950 acres from the lien of the Masterson deed of trust to that extent, and consequently raise the prior incumbrance on land embraced in appellant's deed of trust.

Appellee was in no worse attitude than if he had not taken up the Masterson deed of trust. Suppose Masterson to have been a party to

the suit with his lien on both tracts, and appellee with his lien on the 612 acres, and the mortgage company with its lien on the 950 acres, Masterson's lien being the oldest, appellee's the second in order, and appellant's lien .junior to both of the others, then in that event appellee could have required the half-interest in the 950 acres to be sold first and exhausted under the Masterson deed of trust before the 612 acres could be resorted to. The court did the same thing in effect, only with this advantage to the appellant, that any surplus in the proceeds of the 612 acres should be applied to the Masterson debt, which it would not have received if the half-interest in the 950 acres had been sold first for that debt. Appellee having acquired the Masterson debt with its security, had the right to have the securities so marshalled as to most fully protect himself. 14 Am. and Eng. Encyc. of Law, p. 686, and note, "Nature of Equity."

But it is contended that the vendor's lien on the land was lost with respect to the rights of appellant. After Davis had transferred the notes to the appellee, Charlton reconveyed the land to Davis for a recited consideration of the surrender and cancellation of the notes, and this deed of reconveyance was put of record prior to the execution of appellant's mortgage. The notes were in fact, however, never cancelled and delivered, but were in the possession of appellee. Appellant contends that the title appearing of record in Davis, it occupies the attitude of an innocent purchaser. This would be carrying the doctrine of innocent purchaser rather far to protect a junior creditor as to some future contingency in the marshalling of assets. Davis, after the record of the mortgage company's deed of trust, executed to Kempner an instrument acknowledging the true status of the notes, and that they held a vendor's lien on the land. The case of Henderson v. Pilgrim, 22 Texas, 464, has no application, because in that case Pilgrim and Stewart were the purchasers of the land which had been reconveyed.

There being no error, the judgment of the court below should be affirmed.

*Affirmed.*

Adopted March 22, 1892.