SCHNEIDER & DAVIS v. MARK McCOULSKY.

No. 216.

1. **Assignment of Error.**—An assignment of error to the effect " that the court erred in his general charge to the jury, which failed to state the law applicable to the case as made by issues joined in the pleadings and evidence adduced in support thereof," is too general, and can not be considered.

2. **Mortgage to Secure Preferred Creditors — Implied Defeasance.**—In this case the instrument claimed as a chattel mortgage contains no condition of defeasance, nor does it provide for the return of the surplus, if any, to the grantor; but upon its face it declares that it is a mortgage made to secure the debts named. and it so appears from the testimony. *Held,* in the absence of any provision applying the balance, if any, of assets, after satisfying the secured debts, to the payment of other claims, the law will imply a defeasance, and the instrument should be treated as a mortgage.

3. **Same—Acceptance—Attachment—Priority of Liens.**—The assent or acceptance of the creditors secured by the mortgage is necessary before the same becomes a contract between the parties; and if before such assent or acceptance an attaching creditor of the mortgagor causes an attachment lien to be fixed on the property, his rights as a lien holder are entitled to priority over any such creditor who has failed to accept under the mortgage, but otherwise as to such bona fide creditors as accept under the mortgage prior to the attachment.

4. **Fictitious Debt—Innocent Creditor.**—Ordinarily, a fictitious debt in a mortgage which was made to secure a number of creditors, such fictitious debt not being known to the trustee or the other creditors secured, would not invalidate the mortgage as to the innocent creditors who accepted it in good faith to secure their own just debts. In this case, if no other creditor or creditors had assented thereto prior to the attachment except W. B. Wade and Benbrook & Wade, both of which creditors were represented by W. B. Wade, and such debts, or either of them, were fraudulent and fictitious, in whole or in part, and W. B. Wade knew the same to be fraudulent and fictitious at the time of the execution of the mortgage, then such mortgage would be void as against appellants who repudiated the mortgage and attached the property.

5. **Special Charge.**—See opinion for special charge refused, held to have been sufficient to call the court's attention to the issue of fraud and to require a charge thereon.

APPEAL from Rockwall.    Tried below before Hon. ANSON RAINEY.

*Stroud & Chandler,* for appellants.—1. When creditors attack a deed of trust upon the ground that the debtor made same with the intent to hinder, delay, and defraud creditors, and the evidence tends to establish the pleading, thus presenting such issue, it is the duty of the court to clearly present the law made by the pleadings and evidence in charge to to the jury.   Blair v. Finlay, 75 Texas, 210; 75 Texas, 106; 65 Texas, 710; 72 Texas, 272; 75 Texas, 139; 74 Texas, 514; 64 Texas, 396; 68 Texas, 409; 24 Texas, 508; 22 Texas, 721; 67 Texas, 434; 42 Ill., 231; 12 Fed. Rep., 233; Wait on Fraud. Con., 2 ed., secs. 335, 345.

2. The court erred in refusing defendants' special charge number 1, copied in opinion.    75 Texas, 106; Wait on Fraud. Con., 2 ed., secs. 335, 345.

*Word & Charlton*, for appellee.—The deed of trust having been executed to secure the payment to several persons named their respective debts, the fact that one or more of such debts may be misstated as to amount, or fraudulent, will not vitiate the deed as to the others.    Burr. on Ass., 3 ed., sec. 117; Macintash v. Corner, 33 Md., 607; 18 Ark., 137; 9 Ala., 704; 14 Ala., 557; Jones on Chat. Mort., secs. 82, 90; 4 Laws. Rights, Rem., and Prac., sec. 1995; Blencoe v. Lee, 12 Bush, 358; Varney v. Hawes, 68 Me., 442; Waterman v. Silberberg, 67 Texas, 100; Scott v. McDaniel, 67 Texas, 316; 1 Jones on Mort., 3 ed., sec. 88; Burr. on Ass., secs. 125, 284, 146.

LIGHTFOOT, Chief Justice.—The following statement is substantially correct:    This suit was brought against appellants to recover the value of a certain stock of shelf goods, groceries, merchandise, etc.; also show cases, fixtures, and other effects.    Appellee's cause of action was based on an alleged wrongful seizure under a writ of attachment issued out of the District Court of Rockwall County, Texas, on December 29, 1891, in a suit in which appellants were plaintiffs and one R. C. Garner defendant.

Appellee claimed the goods so seized and converted by appellants as trustee in a chattel mortgage, and alleged their value in the aggregate at $750.    Appellants answered, and then filed first amended original answer, as follows:  first, general denial; and further, second, that at the time of the alleged seizure of the property, same was the property of one R. C. Garner, who was justly indebted to appellants in the sum of $538 for goods, wares, and merchandise sold and delivered; that on the day the suit by this claimant was brought, Garner made a pretended deed of trust, whereby he conveyed to appellee his entire stock, including the goods in controversy; that the same was made by Garner with the intent to hinder, delay, and defraud creditors, especially appellants.    The cause came to trial before a jury on May 5, 1892, and resulted in a judgment for appellee in the sum of $630, with 6 per cent interest from date of attachment.

Appellants' first assignment of error is as follows:  "The court erred in his general charge to the jury, which failed to state the law applicable to the case as made by issues joined in the pleadings and evidence adduced in support thereof."

This assignment is too general, and can not be considered under the rules.    If the court erroneously charged the jury upon any given point, the assignment should point out that error.    If it failed to charge the law

applicable to any given point, it was the duty of appellants to ask a charge covering such question.

The second assignment of error is as follows: " The court erred in failing to charge the jury, that they should find for defendants if they believed from the evidence that the mortgage or deed of trust introduced in evidence was made by the grantor therein with the intent to hinder, delay, and defraud creditors." The second charge requested by appellants and refused was substantially in the language of this assignment.

The fourth assignment of error is as follows: " The court erred in refusing defendants' special charge number 1, as follows: 'The jury are charged, that if R. C. Garner made the deed of trust offered in evidence, and the item of indebtedness of $200 in favor of W. B. Wade, or the item in favor of Benbrook & Wade, were either of them falsely stated by said Garner as to amounts due, with intent to hinder, delay, and defraud his creditors in the collection of just claims, then it would be the duty of the jury to find for defendants, although the indebtedness mentioned therein as to other preferred creditors may be truly stated.' "

The above charges were both refused, and no charge was given by the court upon the question of fraud. The court in its charge instructed the jury, in substance, that if the trustee named in the instrument took possession of the property for the benefit of the secured creditors, and appellants sued out an attachment against Garner and caused it to be levied upon the goods, and they were taken from the trustee, that he could recover their value, with interest.

The instrument claimed as a chattel mortgage has no condition of defeasance, nor does it provide for the return of the surplus, if any, to the grantor; but upon its face it declares that it is a mortgage made to secure the debts named, and so appears from the testimony; and in the absence of any provision applying the balance, if any, of assets, after satisfying the secured debts, to the payment of other claims, the law will imply a defeasance, and the instrument should be treated as a mortgage. Johnson v. Robinson, 68 Texas, 401; Hudson v. Milling Co., 79 Texas, 407; Waterman v. Silberberg, 67 Texas, 100; Stiles v. Hill, 62 Texas, 429.

The mortgage was executed by Garner to appellee, in trust to pay certain debts in the order therein mentioned, including the debt of appellants, which was the largest debt and the last in the list of claims. The appellants promptly repudiated the instrument, and on the same day of its execution sued out an attachment and caused it to be levied on the goods; they were sold under the attachment and the proceeds paid into court. When the trustee brought suit against appellants as the attaching creditors for wrongfully converting the goods, they answered, setting up that the mortgage was made without their knowledge or consent; that they sued out the attachment and caused it to be levied upon the goods before any of the creditors named in the mortgage had accepted it, ex-

cept W. B. Wade and Benbrook & Wade, and that their debts were fraudulent and fictitious. Upon the trial they introduced evidence upon those issues, and requested the above charges upon the subject of fraud. The charges asked were sufficient to call the attention of the court to that subject, and a proper charge upon the question should have been given.

Upon the execution of a deed of trust and a delivery of the same to the trustee, the assent or acceptance of the creditors secured is necessary before the same becomes a contract between the parties; and if before any such assent or acceptance an attaching creditor of the mortgagor causes an attachment lien to be fixed upon the same, his rights as a lien holder are entitled to priority over any such creditor who has failed to accept under the mortgage. Alliance Milling Company v. Eaton, Guinan & Co., 86 Texas, 401.

In this case, if appellants' attachment lien became fixed upon the property before the acceptance or assent of the secured creditors, or any one or more of them, their right to satisfaction out of such property is prior to the claim of any such creditor or creditors who failed to assent thereto or accept the same before the levy of such attachment. Ordinarily, a fictitious debt in a mortgage which was made to secure a number of creditors, and such fictitious debt not being known to the trustee or the other creditors secured, would not invalidate the mortgage as to the innocent creditors who accepted it in good faith to secure their own just debts. Howell v. Mars, 82 Texas, 496; Rider & Co. v. Hunt, decided by this court at the present term.

If no other creditor or creditors secured by the mortgage had assented thereto prior to the attachment, except W. B. Wade and Benbrook & Wade, both of which creditors were represented by said W. B. Wade, and such debts, or either of them, was fraudulent and fictitious in whole or in part, and said W. B. Wade knew the same to be fraudulent or fictitious at the time of the execution of the mortgage, then such mortgage would be void as against appellants. Blair v. Finlay, 75 Texas, 210. But if such debts were both bona fide debts of Garner, and the mortgage was made in good faith to secure them, and such parties had assented to the mortgage or accepted the same before the levy of the attachment, the mortgage would be entitled to priority to the extent of the debts of such accepting creditors, but no further. .

For the error of the court upon the points above indicated, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*