## P. J. WILLIS & BRO. v. J. B. HOLLAND ET AL.

### Delivered May 7, 1896

**1. Mortgage or Assignment for Benefit of Creditors—Instrument Construed.**

An instrument executed by an insolvent merchant conveying to a trustee his entire stock of goods, book accounts, etc., to be sold and the proceeds applied to the payment of his creditors in the order designated therein, the surplus, if any, to be returned to such ceding debtor, is a mortgage, and not a general assignment for the benefit of creditors. Following Tittle v. Vanleer, 34 S. W. Rep., 715.

**2. Same—Right of Secured Creditor as Against Other Creditors—Usury.**

A secured creditor of an insolvent debtor may plead usury against the claims of a preferred creditor and have such claims purged, and it is error for the court to refuse to strike out usurious interest clearly shown by the evidence.

**3. Same—Marshalling Securities.**

A creditor of an insolvent debtor, secured by mortgage with another creditor, also has a right to the marshalling of the securities held by such other creditor against the common debtor, and to have such securities applied to the debt of such other creditor before he will be allowed to participate in the common fund.

APPEAL from Johnson. Tried below before Hon. J. M. HALL.

*W. F. Ramsey*, for appellants.—1. The uncontradicted evidence in the case showed clearly that interest was charged on all the money loaned by John W. Floore to defendant Wayland at the rate of two per cent. per month, and the court erred in its conclusion of law and fact in not so finding and in finding that the evidence did not disclose the actual amount of cash advanced by Floore to Wayland, because said fact was clearly shown by the evidence; and likewise erred in holding that the

.evidence did not disclose the amount of usurious interest included in said notes.

2.    The instrument executed by A. F. Wayland to J. B. Holland, in view of the insolvency of Wayland, passed absolute title to the property therein described to Holland, and same did not contain, in legal effect, any provision that said property should revert to Wayland on the payment of the indebtedness therein referred to, and said instrument is, under our statutes, a general assignment.    Johnson v. Robinson, 68 Texas, 399; Fant v. Ellsbury, 68 Texas, 1; McCart v. Maddox, 68 Texas, 359; McIlhenny Co. v. Craddock, 68 Texas, 359; Foreman v. Burnett, 83 Texas, 396; Preston v. Carter, 80 Texas, 388; City Nat. Bank v. Merchants Nat. Bank, 7 Texas Civ. App., 584; same case, 87 Texas, 295; Hart v. Blum, 76 Texas, 113; Waterman v. Silberberg, 67 Texas, 100; Padget v. Wood, 24 S. W. Rep., 1108; Boyd v. Haynie, 83 Texas, 7; Schneider v. Bagley, 24 S. W. Rep., 1117; Burrell on Assignments, sec. 2; Crow v. Beardsley, 68 Mo., 438; Fromme v. Jones, 13 Iowa, 48; Bartlett v. Teah, 1 McCrary, 176; Vallance v. Insurance Co., 42 Pa. St., 441; Lawrence v. Nuff, 41 Cal., 566; Bank v. Cappell, 40 Mich., 447.

3.    It is a matter of no consequence, so far as the legal effect of the instrument in question is concerned, that it does not under its terms convey all the grantor's property subject to execution.    Wetzel v. Simon, 87 Texas, 403; Burnham v. Logan, 29 S. W. Rep., 1067.

4.    An instrument executed by an insolvent debtor, conveying practically all his property for distribution among his creditors, which contained a provision that the grantee should pay, pro rata, to all the creditors of such insolvent, who presented their claims within sixty days, denies to such debtor the right to vacate such instrument at any time, and must be held to be a general assignment, and not a chattel mortgage.    Preston v. Carter, 80 Texas, 388; Fant v. Ellsbury, 68 Texas, 1; Richmond v. Railway, 73 Texas, 568; Hart v. Blum, 76 Texas, 113; Pagett v. Blum, 24 S. W. Rep., 1108.

5.    The bona fide creditor of an insolvent debtor may set up usury as against a preferred creditor, although his lien has been acquired after the accrual of the usurious debt.    Hamilton-Brown Shoe Co. v. Mayo, 27 S. W. Rep., 780; Maloney v. Faheart, 81 Texas, 281.

6.    Floore having in his hands securities belonging to Wayland, pledged to secure most of his indebtedness, and of value practically sufficient to pay same, on which said securities appellants had no lien, and Wayland, the common debtor, being insolvent, the law will not permit Floore to absorb the assets of Wayland on which appellants have a lien, without first accounting for or exhausting the securities held by him alone.    A person having two funds shall not by his election disappoint a party having only one fund.    Brown v. Thompson, 79 Texas, 58; Pridgen v. Warn 79 Texas, 588; Rev. Stats., art. 65b, sec. 6; Third Nat. Bank v. Lanahan, 66 Md., 46; Everton v. Booth, 19 Johns

(N. Y.), 496; 1 Story's Eq., 588, 633; 2 White & Tudor's. Lead. Cas. in Eq., 228.

*Davis & McKoy*, for appellees.—1. The instrument executed by Wayland to Holland was properly construed by the court to be a deed of trust, and not an assignment under our statute. Tittle v. Vanleer, 29 S. W. Rep., 1065; Adams v. Bateman, 30 S. W. Rep., 855; Western Manufacturing Co. v. Wood, 31 S. W. Rep., 1037; Jones on Chat. Mortg., sec. 352a.

2. If appellants accepted under the deed of trust then they were bound to accept all of its terms and conditions, and they could not have the debt of another accepting creditor purged of usury as no one connected with the deed had that right except the maker of the deed.

LIGHTFOOT, CHIEF JUSTICE.—On December 4, 1894, A. T. Wayland was insolvent, and executed to J. B. Holland, as trustee, an instrument in writing whereby the former conveyed to such trustee all of his stock of goods, wares and merchandise, grain and fixtures in his business house in Cleburne, Texas, together with his book accounts, etc., for the following purposes; for such trustee to sell such property immediately for cash at private or public sale, and to collect the debts as quickly as possible, and to pay certain debts described, in the order named, and closing as follows: "Fourth, if there are any funds left in the hand of said J. B. Holland after paying off the amounts in the order as above set forth, then he shall pay pro rata such amount to all of my other creditors who shall present their claims to him within sixty days from this date. And if after paying all of the claims above mentioned, in the order as set forth, he shall have any funds out of said proceeds on hand, he shall turn the same over to me." The trust was accepted by J. B. Holland on the day of its execution, and he took possession of the property under it and filed it for registration.

This suit was brought by appellants P. J. Willis & Bro. and the Waples-Platter Grocer Company, who are unpreferred creditors of A. F. Wayland, who accepted under the instrument, and who claim that the same is an assignment and not a mortgage; that the preferred debt of John W. Floore is fraudulent and usurious, and that he holds a large number of notes belonging to A. F. Wayland more than sufficient to pay all that is due him. The preferred creditors, the trustee and Wayland were all made parties to the suit. J. B. Holland (the trustee) was appointed as receiver by the court, and an injunction granted. The parties answered, and on final hearing the court dissolved the injunction and discharged the receiver. The appellants recovered judgment against Wayland for the amounts of their several debts, but the other defendants were discharged free of costs. From that judgment this appeal is taken.

1. The first assignment of error attacks the sixth conclusion of fact found by the court below and the conclusion of law based thereon, to

the effect, that while it was shown that the debt of John W. Floore contained usurious interest, yet the facts were not sufficiently specific to justify the court in striking it out. The notes of Floore are specifically set out and described in the deed of trust, and aggregate about $3683.10.

Floore testified by deposition substantially as follows: "A. F. Wayland did execute to me a note for $560 of date May 8, 1894, and due November 8, 1894. The same was given for money, and not in renewal of a former note. Five hundred dollars. I decline to answer anything about the rate of interest, or what Wayland agreed to pay. Wayland did execute to me a note for $684, dated April 4, 1894, and due November 4, 1894. It was not given in renewal of any other note, but for money. I decline to answer as to the rate of interest, but amount of interest was $84. A. F. Wayland did execute to me a note for $359.10, dated April 23, 1894, and due November 23, 1894. I decline to answer in regard to the interest rate charged. The note was not given in renewal of any other, but was given for money. The amount of interest included was $44.10. A. F. Wayland did execute to me a note dated February 19, 1894, due October 19, 1894, for $460. Said note represents an original transaction. I let him have $400 for said note. I decline to answer what was the rate of interest. A. F. Wayland did execute to me a note for $696, dated March 7, 1894, due November 7, 1894, and said note represents an original transaction. The $96 was added as interest. I decline to answer further concerning interest. Wayland did execute to me a note for $216, dated June 11, 1894, due October 11, 1894, and said note represents an original transaction, and the $16 was interest. I decline to answer further concerning interest. A. F. Wayland did execute to me a note for $500, dated June 5, 1894, and I suppose it was executed the day it was dated. I saw it first on the day I wrote it, on the 5th day of June. It was given me for money. I let Wayland have $40 as consideration for said note. I decline to answer further concerning interest. I was in Waukesha, Wisconsin, on August 30, 1894, but John D. Mitchell, who was representing me, did take a note from Wayland payable to me, for $208, dated August 30, 1894, due October 30, 1894; and same represents an original transaction. Eight dollars interest was included or added into said note. I decline to answer further as to interest. I advanced to him $3255 during the year 1894 in cash and checks on my bank. I advanced him this $3255, as represented by the notes, described in preceding instrument."

Under the testimony, the court could have separated the interest from the principal of the Floore notes, and it appearing that the interest charged was usurious, it should have been stricken out.

2. Under the assignments of error from two to seven, inclusive, appellants contend that the instrument executed by Wayland to Holland trustee, is an assignment, and not a mortgage.

It is clear from an inspection of the whole instrument that it was the intention of the parties to execute a mortgage for the security of debts,

the surplus, if any, to be returned to the grantor. We do not deem it necessary for us to go into an elaborate discussion of the question, as the ground has been so thoroughly covered in the recent able and exhaustive opinion of Judge Denman, on rehearing, in the case of Tittle v. Vanleer, reported in 34 S. W. Rep., 715. See also original report of the case 29 S. W. Rep., 1065; Adams v. Bateman, 88 Texas, 130; Western Mfg. Co. v. Wood, 31 S. W. Rep., 1037; Jones on Chat. Mortgages, 352a. We find no error under the above assignments.

3. Under the eighth and ninth assignments of error appellants complain that the court refused to limit the claim of J. W. Floore to the actual amount of money furnished by him, purged of usurious interest, and credited by the amounts collected by him on the collaterals turned over to him by Wayland outside of the chattel mortgage. It appears from the testimony as set out in the record, that Wayland had received from Floore about $3255, that his notes represented more than this amount and that most, if not all, of them embrace usurious interest. It further appears that Floore's claims are secured by collaterels held by him which are sufficient to extinguish a large portion, if not all of such indebtedness, and with his claims out of the way, appellants would realize a considerable portion of their claims out of the assets in the hands of the trustee.

A secured creditor of an insolvent debtor may plead usury against the claims of a preferred creditor and have such claims purged. Maloney v. Earhart, 81 Texas, 281; Hamilton-Brown Shoe Co. v. Mayo, 27 S. W. Rep., 780.

A creditor of an insolvent debtor, secured by mortgage with another creditor, also has the right to a marshalling of the securities held by such other creditor against the common debtor, and to have such securities applied to the debt of such other creditor before he will be allowed to participate in such common fund. Brown v. Thompson, 79 Texas, 58; Pridgen v. Warn, 79 Texas, 588; Mortgage Co. v. Kempner, 84 Texas, 102; 1 Story's Eq. Jur., sec. 633, et seq.

The court below in its second conclusion of fact finds that previous to the execution of the mortgage, Wayland had transferred to John W. Floore a lot of notes as collateral security, but does not find the amount or value of such securities. This is an important inquiry and one which appellants are entitled to pursue, as it is shown that John W. Floore is the principal preferred creditor, and but few of the creditors of Wayland have accepted under the mortgage.

It appears from the testimony of Wayland that he got from John W. Floore about $3200 and endorsed to him notes amounting to about $4000. The latter should be required to fully account for such collaterals before being allowed to participate in the mortgage fund.

For the errors indicated, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*