## Seward Confectionery ·Co. v. J. Ullman et al.

### No. 422.—Decided May 11, 1896.

**Trust Deed or Assignment—Case Followed.**

A conveyance by an insolvent debtor to one of his creditors on its face a deed of trust, making provision for preferences among specified creditors, declaring the purpose to secure the payment of specified debts, and providing for the return of any surplus of the proceeds of sale to the grantor and that when that is done the instrument shall be null and void, is a deed of trust and not an assignment for the benefit of creditors. Tittle v. Vanleer, ante —, followed.

QUESTIONS CERTIFIED by Court of Civil Appeals for Second District, in an appeal from Wise County.

*Darswell & Wood,* for appellants.—The instrument in question is an assignment and not a mortgage. Foreman v. Burrett, 83 Texas, 402; Boyd v. Haynie, 83 Texas, 8; Preston v. Carter, 80 Texas, 390; Hart & Co. v. Blum, 76 Texas, 115; Burrell on Assignments, sec. 6, pp. 12-13; Jones on Chattel Mortgages, sec. 17; Martin v. Hausman, 14 Federal Reporter, 160; Fechheimer v. Baum, 43 Federal Reporter, 719; Hoffmann v. Mackall, 64 Am. Dec., 639 (5 Ohio St., 124); Crow v. Beardsly, 68 Mo., 435; Fromme v. Jones, 13 Iowa; Vallance v. Ins. Co., 42 Pa. St., 441; Lawrence v. Nuff, 41 Cal., 566; Bank v. Chappell, 40 Mich., 447.

*R. F. Spencer* and *Bullock & Tankersley,* for appellees.—The instrument in question is a mortgage and not an assignment. Davis v. Schwartz, 15 Sup., 237; Jackson v. Hardy, 56 Texas, 710; Laird v. Weiss, 85 Texas, 93; Stiles v. Hill, 62 Texas, 429; Tittle v. Vanleer, 29 S. W. Rep., 1065; Adams v. Bateman, 29 S. W. Rep., 1124; Adams v. Bateman, 30 S. W. Rep., 855.

DENMAN, Associate Justice.—The certificate from the Court of Civil Appeals in this case states the facts substantially as follows: L. C. Gibbon on December 30, 1893, executed and delivered to J. Ullman an instrument in substance as follows: I, L. C. Gibbon being justly indebted to various persons as hereinafter set out, "do, in order to secure the payment of said debts as hereinafter specified, and in the order hereinafter specified, sell, alien and convey unto J. Ullman" (here follows description of his entire stock of goods and fixtures). "Said sale and conveyance is made unto said Ullman in trust, said Ullman to take and have immediate charge and possession" of and "to sell the same ·for cash and apply the proceeds of the sale" (1) to expenses of executing the trust, including reasonable compensation to the.trustee and the attorney; (2) to the payment of four specified debts, one of which was due the trustee; (3) the balance, if any, to the payment pro rata of the specified claims of fourteen creditors, such claims due on open accounts and varying in amounts from $9.54 to $702.99; (4) the balance, if any, to be paid over

to said grantor; whereupon it was provided, that "this deed of trust shall be null and void."

This suit was filed by four of said fourteen creditors to have said instrument declared a general assignment for the benefit of creditors. The petition alleges that L. C. Gibbons, on the 30th day of December, 1893, was and for a long time prior thereto had been engaged in a mercantile business at Decatur, in Wise County, and that he had become largely indebted to plaintiffs and to various other persons, as set forth in said instrument marked "Exhibit A," and that on said day said Gibbons was insolvent and in contemplation of insolvency, and on said day made, executed and delivered said instrument to Ullman, conveying a certain stock of merchandise and fixtures then in a certain described store in Decatur, of the value of $2500, and consisting of all the property then belonging to said Gibbons liable to execution, except some notes and accounts which Gibbons held but is secreting from his creditors. After alleging the provisions of the instrument, the petition continues, that said trust deed was duly acknowledged by Gibbons and accepted by Ullman, and by Ullman deposited in the County Clerk's office for record as required by law; that Ullman took immediate possession of the goods and now has them; that said property is not of sufficient value to pay all the debts set out in said deed; that after the delivery and acceptance of said deed, said Ullman, in violation of its terms and of his duty thereunder, procured Gibbons to execute to him a chattel mortgage upon said property for the purpose of securing his own debt and the debt of Saufley and Means, and the fee due Spencer, which said chattel mortgage he received from said Gibbons and filed with the County Clerk of Wise County, and thereafterwards repudiated the deed first hereinabove set out, and pretends to hold said property by virtue of said chattel mortgage, and is proceeding to execute the same, unless restrained, etc.; that Gibbons is wholly insolvent and is collecting his notes and accounts in fraud of his creditors; that same are of the value of $500; that the plaintiffs have each accepted in writing said deed of assignment, and have in writing so notified Ullman, and have filed their claims respectively, duly verified as the law requires. Prayer that the court will construe said deed of trust, and hold the same to be a general assignment, and require Ullman to qualify as assignee, or in case he refuses, to appoint an assignee, and for other proper orders and relief. A general demurrer to said petition was sustained and the suit dismissed.

After this explanatory statement, the Court of Civil Appeals certifies to us the question whether said instrument, "taken in connection with the facts as plead by the plaintiffs, is a deed of assignment for the benefit of creditors under our statutes, or is a mortgage or deed of trust?"

The grantor, though insolvent, had the absolute right under our law to elect whether he would execute one character of instrument or the other. His intent then, as expressed upon the face of the instrument, read, in a proper case, in the light of the circumstances surrounding its execution, must govern the courts in determining its character. The con-

veyance is to one of the creditors, it makes provisions in great detail for preferences among the specified creditors, it declares the purpose of its execution to be "to secure the payment" of specified debts, is termed on its face a "deed of trust," it provides for the return of surplus of proceeds of sale to the grantor, and declares that when that is done, the instrument "shall be null and void."

We think it too clear to admit of controversy that it appears from the face of this instrument, though read in the light of the circumstances stated in the petition, "that the intention of the grantor, therein expressed, was merely to charge the property therein described with a preference lien * * * as a means of immediate payment of certain debts therein specified," and that therefore it cannot be held an assignment.

Having, after a very careful consideration, expressed our views upon this question at length in Tittle v. Vanleer, 34 S. W. Rep., 715, 89 Texas, —, we deem it unnecessary to attempt to add anything to what was said there and in the cases therein reviewed.