KANSAS CITY, M. & O. RY. CO. OF TEXAS v. WORSHAM et al.

(Court of Civil Appeals of Texas. Amarillo. May 25, 1912.)

1. EVIDENCE (§ 377*)—DOCUMENTARY—FOUNDATION.

In an action against railroad companies for damage to a shipment of cattle, an account sales was properly admitted upon the testimony of a witness that he saw the cattle weighed and a statement made out, which contained the correct weight, which was delivered by the weigher to the bookkeeper of the commission company, and that the account sales was made by such bookkeeper from the weight thus furnished.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1647; Dec. Dig. § 377.*]

2. EVIDENCE (§ 381*)—DOCUMENTARY—FOUNDATION.

Where, in an action against railroads for damage to cattle in transit, a witness testified that he had the market reports, and knew the market price of the cattle in question, and also stated what that price was, and that he received the market price for them when sold, the admission of two copies of the Ft. Smith Live Stock Reporter was based on a sufficient predicate.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 381.*]

3. APPEAL AND ERROR (§ 1051*)—HARMLESS ERROR.

Possible error in the admission of copies of a live stock reporter, without a sufficient predicate to show the value of cattle injured in transit was harmless, where the market price was sufficiently established by other testimony, received without objection.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

4. APPEAL AND ERROR (§ 730*)—ASSIGNMENTS OF ERROR—SUFFICIENCY OF ASSIGNMENT.

An assignment of error complaining of the charge as a whole is too general.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3013–3016; Dec. Dig. § 730.*]

5. TRIAL (§ 255*)—INSTRUCTIONS—NECESSITY OF REQUEST.

A court need not instruct upon the plaintiff's burden of proving the material allegations in his petition, in the absence of a request.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627–641; Dec. Dig. § 255.*]

6. TRIAL (§ 255*)—INSTRUCTIONS—NECESSITY OF REQUEST—MEASURE OF DAMAGES.

In an action for damage to cattle in transit, the court must charge on the measure of damage, even though no special charge is requested.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627–641; Dec. Dig. § 255.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

7. TRIAL (§ 255*)—INSTRUCTIONS—NECESSITY OF REQUEST.

A court need not charge that the jury are the exclusive judges of the facts, in the absence of a request.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627–641; Dec. Dig. § 255.*]

8. CARRIERS (§ 228*) — CARRIAGE OF LIVE STOCK—DAMAGE—BURDEN OF PROVING NEGLIGENCE.

In an action for damages to cattle in transit, a carrier was not bound to prove by a preponderance of evidence that it did use ordinary diligence, that the cattle were not damaged, and that the damages were not caused by its negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

9. APPEAL AND ERROR (§ 731*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment that the verdict is contrary to the law and the evidence, is not supported by the evidence, and is excessive in amount, is too general.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3017–3021; Dec. Dig. § 731.*]

10. APPEAL AND ERROR (§ 740*) — ASSIGNMENTS OF ERROR—MULTIFARIOUSNESS.

And such assignment is objectionable for multifariousness.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3028; Dec. Dig. § 740.*]

Appeal from Foard County Court; T. W. Staton, Judge.

Action by W. B. Worsham and another against the Kansas City, Mexico & Orient Railway Company of Texas and another. From a judgment for plaintiffs, the defendant named appeals. Reversed and remanded.

D. J. Brookreson, of Benjamin, for appellant. Robt. Cole, of Crowell, for appellees.

HALL, J. W. B. Worsham and J. W. Wishon filed this suit in the county court of Foard county against appellant and the Ft. Worth & Denver City Railway Company to recover for damages to a shipment of cattle from Crowell to Ft. Worth, Tex. Appellees recovered a judgment for the sum of $314.25 against the Kansas City, Mexico & Orient Railway Company, and judgment was rendered in favor of the Ft. Worth & Denver City Railway Company.

[1] The first assignment complains of the action of the court in admitting the account sales offered by plaintiff, because the same had not been identified and the correctness of the statements contained therein established by the testimony of any witness. The record does not sustain this assignment. Appellee Wishon testified, in substance, that he saw the cattle weighed, stood there all the time while they were being weighed, saw the statement made out, stood there and waited until it was made, and stated positively that he knew the statement gave the correct weight. He detailed the method in which the weighing was done by the weigher, how the entries were made upon his book, and by him passed to the bookkeeper of the commis-sion company at the office, from which book or slip of the weigher the account sales itself was made up. We think this was sufficient as a basis for its admission in evidence.

[2, 3] Under the second assignment, appellant complains of the action of the court in admitting two copies of the Ft. Worth Live Stock Reporter. The record does not sustain this assignment. Prior to the introduction in evidence of the newspaper, the witness Wishon testified that he knew the market price of the cattle in question on the market on the 7th and 8th of the month, and stated what that price was, and that he received the market price for them when sold. He further stated that he had the market reports, and knew what the market was. We think this testimony was a sufficient predicate for the introduction of the newspapers themselves; but, if we are mistaken in this, the error is harmless, because the facts shown by the account sales were sufficiently established by the testimony of the witness, independent of the newspapers, and his qualification to testify upon that point was not challenged. T. & P. Ry. Co. v. Isenhower, 131 S. W. 297; Houston Packing Company v. Griffith, 144 S. W. 1139.

[4] The third assignment of error is: "The court erred in his general charge to the jury, because said charge as a whole does not state the law, or any part or principle of law, applicable to the issues and facts herein." This assignment is too general to require consideration. I. & G. N. Ry. Co. v. Biles & Ruby, 56 Tex. Civ. App. 193, 120 S. W. 952; Schneider v. McCoulsky, 6 Tex. Civ. App. 501, 26 S. W. 170.

[5] The fourth assignment is: "The court erred in failing to charge the jury that the burden was on the plaintiff to prove the material allegations in his petition." This charge need not be given by the court, unless requested. Cooper v. Lee, 1 Tex. Civ. App. 9, 21 S. W. 998.

[6] The fifth assignment complains of the failure of the court to charge the jury upon the measure of damages, in the event plaintiff should be entitled to recover. A failure to charge upon the measure of damages in this sort of a case is affirmative error, and defendant is not required to ask a special charge, before it can be heard to complain of the omission. The failure to so charge will require a reversal of the judgment. H. & T. C. Ry. Co. v. Buchanan, 38 Tex. Civ. App. 165, 84 S. W. 1073.

[7] The sixth assignment insists that the court should have charged the jury that they were the exclusive judges of the facts proven, credibility of the witnesses, and the weight to be given their testimony. The omission to so charge is not reversible error, unless such a charge is specially requested.

[8] In the second paragraph of the general charge, the court shifts the burden of proof

upon the question of damages to the defendant, requiring it to prove, by a preponderance of the evidence, that defendant did use ordinary diligence, and that said cattle were not damaged, and that the damages were not caused by the negligence of the defendants. This is reversible error.

[9, 10] The ninth assignment complains that the verdict of the jury is contrary to the law and the evidence, and is not supported by the evidence, and is excessive in amount. This assignment is too general, and is objectionable because of multifariousness. I. & G. N. Ry. Co. v. Miller, 124 S. W. 109; Texas, etc., Ry. Co. v. Norman, 91 S. W. 594; I. & G. N. Ry. Co. v. McVey, 81 S. W. 991.

No error is assigned upon that part of the verdict and judgment in favor of the Ft. Worth & Denver City Railway Company, and no brief is filed for the appellees, Worsham and Wishon. The judgment, in so far as it is rendered in favor of the Ft. Worth & Denver City Railway Company, is affirmed, and in all other respects the judgment is reversed, and the cause remanded.