GOLDMAN et al. v. SPANN et al. (No. 7274.)

(Court of Civil Appeals of Texas. Dallas. Feb. 13, 1915.)

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS ☞4—CONVEYANCES CREATING TRUSTS.

A conveyance by a debtor of his property to a trustee to take possession thereof, sell the same, pay certain preferred creditors and pay the remaining creditors a part of their claims, of making releases in full, and the residue, if any, to the debtor, is not a statutory general assignment for the benefit of creditors, but is a preferential deed of trust.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. §§ 2, 3; Dec. Dig. ☞4.]

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS ☞268—CONVEYANCES—RIGHT OF TRUSTEE.

A trustee in a preferential deed of trust may not sue for a wrongful attachment on the property conveyed, where the creditors did not accept the provisions of the instrument and agree to its terms.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. §§ 804–839; Dec. Dig. ☞268.]

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by Jack Goldman and others against James W. Spann and others. From a judgment for plaintiffs, defendants appeal. Reversed and rendered.

Spence & Haven and George Sergeant, all of Dallas, for appellants. Jones & Spann, of Dallas, for appellees.

RASBURY, J. On May 29, 1913, J. M. Camuti, of Dallas county, Tex., executed, acknowledged, and delivered to J. W. Spann an instrument in writing, whereby he conveyed to said Spann, in trust, a stock of groceries, together with all accounts due Camuti, all store fixtures, counters, desks, etc. Spann was vested with possession and given authority to sell the property so conveyed as his judgment dictated, and to apply the proceeds first to the payment in full of $50 attorneys' fees to Jones, Jones & Spann; a sum equal to 10 per cent. of the whole amount realized from the sale of the property to J. W. Spann, the trustee, for services as such; $225 to Angelina Oliverier; and all rents due upon the premises occupied by Camuti at the time of the conveyance. The balance was directed to be paid pro rata to the other creditors named in the conveyance, numbering 10, on condition that the creditors released Camuti in full of their claims, if their pro rata reached an amount equal to one-third of the amount for which they were scheduled. It was finally directed by the conveyance that:

"The remainder of the proceeds, if any, after the above debts are paid, to be paid to J. M. Camuti or representatives."

None of those named as creditors in the conveyance accepted the provisions of the conveyance and agreed to be bound by its stipulations other than the trustee.

On June 10, 1913, Simmons-Newsome Company, one of the creditors scheduled by Camuti, sued him in justice court of Dallas county, for $182, securing at the time the issuance of a writ of attachment on the ground that Camuti was about to dispose of his property with intent to defraud his creditors, which by direction of Simmons-Newsome Company was levied upon the property conveyed by Camuti to Spann as trustee. At trial there was judgment for Simmons-Newsome Company, with foreclosure of attachment lien directing sale of the property impounded by the writ of attachment. The property was sold and the proceeds applied to the payment of costs and to part of the judgment.

After the filing of the suit by the Simmons-Newsome Company and the issuance and levy of the writ of attachment and on July 13, 1913, Spann, Camuti's trustee, sued Jack Goldman, the constable levying the writ of attachment, and the sureties on his official bond, and the Simmons-Newsome Company, in the county court of Dallas county for $478.60, the alleged value of the property taken from the trustee, on the ground that such taking was wrongful. At the conclusion of the testimony the trial judge instructed verdict for the trustee, which was returned and followed by similar judgment, from which this appeal is taken.

[1] The only issue on this appeal is whether the conveyance by Camuti was a mortgage—sometimes known as a preferential deed of trust—or a statutory general assignment for the benefit of creditors. Appellants maintain the conveyance was a mortgage and assert that, since the attachment was levied before acceptance by the beneficiaries, the mortgage was ineffective to fix a lien in their behalf, and as a further consequence the attachment lien became prior and superior to any right accruing to the beneficiaries in whose behalf the trustee was acting when he sued. We agree with the contention and hold the conveyance from Camuti to Spann a mortgage or preferential deed of trust. Its salient features are that the trustee shall take possession of Camuti's property, sell it, and with the proceeds pay certain preferred creditors in full, and, after so doing, pay the remaining creditors, one-third of their debt if release for full payment was made, the residue, if any, to be returned to Camuti. These provisions, particularly the one providing for the payment to Camuti of any surplus after payment of debts, are the ones that distinguish the instrument from a general assignment, and the rule is too well settled to require discussion. Adoue v. Collins, 36 S. W. 307; Willis et al. v. Holland et al., 13 Tex. Civ. App. 689, 36 S. W. 329; Tittle et al. v. Vanleer et al., 89 Tex. 174, 29 S. W. 1065, 34 S. W. 715, 37 L. R. A. 387; H. T. Simon-Gregory Dry Goods Co. v. Dean et al., 35 S. W. 305; Seward Confectionery Co. et al. v. Ullman et al., 89 Tex. 504, 35 S. W. 469; Seward Confectionery Co. et al. v. Ullman et al., 35 S. W. 1072; Watterman, Star & Co. v. Silberberg, 67 Tex. 100, 2 S. W. 578.

[2] It is undisputed by the record, and was conceded by counsel for appellee upon submission of the case, that none of the creditors named in the conveyance accepted its provisions and thereby agreed to its terms. Such being the case, the trustee cannot, on behalf of the creditors, whom alone he represents or could represent, maintain the suit, since it was not only necessary for the trustee to allege and prove the execution of the conveyance, but to also allege and prove that the creditors in whose behalf he sues assented to or accepted the provisions of the conveyance before the levy of the attachment, thereby making the conveyance a completed contract. Schneider et al. v. McCoulsky, 6 Tex. Civ. App. 501, 26 S. W. 170; Scurry v. Fromer et al., 26 S. W. 461; Alliance Milling Co. v. Eaton et al., 86 Tex.

401, 25 S. W. 614, 24 L. R. A. 369. As we have said, the record here fails to evidence such facts. On the contrary, they show no assent to the ·conveyance by the creditors and a levy by appellant of attachment. Any wrongful acts, resulting from the attachment in the justice court, cannot affect the result, since that is a matter for adjustment between Camuti and Simmons-Newsome Company. The rights of the creditors whom appellee represents arise upon the conveyance alone, and, said conveyance having never been completed by asset or acceptance, this suit cannot be maintained.

For the reasons indicated, the judgment of the trial court is reversed, and judgment here rendered for appellant, with costs of this court and the court below.